UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHELLY D.,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 1:19-cv-1013
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## OPINION AND ORDER

This cause comes before the Court on the Magistrate Judge's February 1, 2021, Report and Recommendations ("R&R") (Doc. 16), which recommends that this Court affirm the Commissioner of Social Security's ("Commissioner") decision and dismiss Plaintiff Shelly D.'s Complaint (Doc. 3), thereby closing this case. For the reasons more fully set forth below, the Court **OVERRULES** Plaintiff's Objection (Doc. 17), **ADOPTS** the Magistrate Judge's R&R (Doc. 16), and therefore **DISMISSES** Plaintiff's Complaint (Doc. 3) **WITH PREJUDICE**.

## BACKGROUND

This case arose as a result of the Social Security Administration ("SSA") denying Plaintiff certain social security disability benefits. On July 8, 2016, Plaintiff applied for benefits. (*See* ALJ Decision, First Certified Admin. R. ("R.") Ex. 2, Doc. 9-2, #72). On October 25, 2016, the SSA denied Plaintiff's application. (*Id.*). On reconsideration, the SSA again denied the claim on April 7, 2017. (*Id.*).

Pursuant to Plaintiff's request, an SSA Administrative Law Judge (the "ALJ") held a hearing on September 28, 2018. (*Id.*). The ALJ issued a decision denying benefits on November 15, 2018. (*Id.* at #69). Specifically, the ALJ concluded that Plaintiff could perform "sedentary work" (as defined by SSA regulations), including "simple to moderately complex tasks that do not have strict production requirements," and therefore was not disabled. (*Id.* at #77). On September 26, 2019, the Appeals Council of the SSA declined to review the ALJ's decision, making that decision the SSA's final agency action. (*Id.* at #58).

On November 27, 2019, Plaintiff filed a Complaint asking this Court to reverse the SSA's determination. (*See* Doc. 3). The Court assigned the matter to a Magistrate Judge under Southern District of Ohio Civil Rule 72.2. *See also* Cincinnati Gen. Order No. 14-01 (referring appeals from decisions of the Commissioner of Social Security regarding Social Security benefits to Magistrate Judges).

On April 30, 2020, Plaintiff filed her Statement of Specific Errors (Doc. 10). There, Plaintiff argued that the ALJ erred by affording less than controlling weight to the opinions of a Licensed Independent Social Worker, Susan Ortega, and a Certified Nurse Practitioner, Sue Smith. (*Id.* at #1036–37). Plaintiff also argued that the ALJ should have included further limitations on her ability to work on the recommendation of state agency consultants Sandra Banks, Ph.D., and Cindy Matyi, Ph.D. (*Id.* at #1040–41). On February 1, 2021, the Magistrate Judge issued an R&R (Doc. 16), recommending that this Court affirm the SSA's determination and close Plaintiff's case. On February 15, 2021, Plaintiff filed a timely Objection (Doc. 17). The

2

Commissioner did not respond to Plaintiff's Objection (Doc. 17). The matter is now before this Court.

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

But that is not the only relevant standard of review here. In this case, the Magistrate Judge was reviewing a decision by an ALJ employed by the SSA. Judicial review of such decisions is quite constrained. In particular, courts are "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ealy*, 594 F.3d at 512. So long as substantial evidence supports the Commissioner's conclusion, the Court should affirm, even if substantial evidence in the record would also support a different conclusion. *Id.*

3

However, even if supported by substantial evidence, a decision should not be affirmed if "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Putting all that together, this Court's job is to review de novo whether the Magistrate Judge was correct in determining that the ALJ's decision applied the correct legal standards (including the SSA's own regulations) and was supported by substantial evidence.

## LAW AND ANALYSIS

For purposes of Social Security disability benefits, a disability is defined in relevant part as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). By regulation, the SSA has developed a five-step analysis to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4).[1] As relevant here, to be entitled to benefits, a claimant may not be gainfully employed, and must have a severe, medically determinable physical or mental impairment. *See id.* The SSA considers some impairments, listed in a regulatory appendix, to be so severe that they automatically entitle a claimant to benefits. *See id.* But if a claimant's impairment, or its equivalent, does not appear on the SSA's list, then the

---

[1] The first of these regulatory sections applies to applications for disability insurance benefits, the second to applications for Supplemental Security Income disability benefits. *Compare* 20 C.F.R. § 404.1520(a)(2), *with* 416.920(a)(2). Their requirements are identical in all respects relevant here.

4

SSA must consider whether the claimant can work, either by continuing to do the kind of work the claimant has done in the past (if any), or by making an adjustment to a new kind of work. *See id.* If so, the claimant is not disabled. *See id.*

Here, Plaintiff challenges the ALJ's finding that Plaintiff is mentally capable of working a job in the sedentary category (as defined by another pair of SSA regulations, 20 C.F.R. §§ 404.1567 and 416.967). Specifically, the ALJ found that "the claimant can perform simple to moderately complex tasks that do not have strict production requirements; can occasionally interact with supervisors, co-workers, and the general public; and can adapt to a static work environment in which changes are infrequent and explained in advance when they do occur." (ALJ Decision, R. Ex. 2, Doc. 9-2, #77).

Plaintiff's primary argument is that the ALJ did not afford sufficient weight to the opinions of Ortega and Smith, who viewed Plaintiff as "markedly to extremely limited in relating to others and withstanding the stress and pressures associated with day-to-day work activity." (*Id.* at #80). The ALJ provided two rationales for affording "little weight" to the opinions of Ortega and Smith. (*Id.*). First, the ALJ considered their opinions inconsistent with other evidence in the record. (*Id.*). Specifically, the ALJ believed that Ortega and Smith's conclusions about Plaintiff were contradicted by indications that Plaintiff's symptoms had improved with medication and that Plaintiff worked at Family Dollar until physical, not mental, impairments caused her to cease doing so. (*See id.*). Second, Ortega, a social worker, and Smith, a nurse practitioner, are not "acceptable medical sources," such as a

5

physician or psychiatrist, and therefore their opinions are not entitled to be afforded any special weight. (*Id.*).

In spite of her earlier argument in her Statement of Specific Errors (Doc. 10, #1036–37), Plaintiff now concedes that neither Ortega nor Smith is a treating medical source whose opinion is entitled to controlling weight. (Obj., Doc. 17, #1086).[2] Nevertheless, Plaintiff faults the ALJ for ignoring the fact that Plaintiff's manager at Family Dollar was also Plaintiff's friend, suggesting that this employment is therefore unrepresentative of Plaintiff's capacity to relate to others and withstand stress and pressures at a future job. (*Id.*). Plaintiff also maintains that the ALJ cherry-picked only favorable indications from the record regarding Plaintiff's mental health limitations, therefore comparing this case to *Winn v. Comm'r of Social Security*, 615 F. App'x 315 (6th Cir. 2015). (*See id.*).

Under the standards discussed above, the Court finds that substantial evidence supports the ALJ's decision to afford "little weight" to the opinions of Ortega and Smith. First, the ALJ was not required to afford any special deference to the opinions of sources whose qualifications do not render them acceptable medical sources. *See Meuzelaar v. Comm'r of Soc. Sec.*, 648 F. App'x 582, 584 (6th Cir. 2016) (noting "the opinion of a nurse practitioner … is entitled to less weight than a physician's opinion because a nurse is not an acceptable medical source") (citation and internal quotation marks omitted).

---

[2] That is because a "treating source" can only be an "acceptable medical source," and the list of eight categories of "acceptable medical source" in the applicable regulatory definition does not include either social workers or Certified Nurse Practitioners. *See* 20 C.F.R. § 404.1502(a).

6

Second, the ALJ permissibly relied on other evidence in the record to discount the conclusions of Ortega and Smith. For example, Banks found that Plaintiff could "sustain work which does not require fast-paced production demands." (Initial Disability Determination and Explanation, R. Ex. 3, Doc. 9-3, #140). Likewise, Matyi found only moderate work-related mental limitations. (Recons. Disability Determination and Explanation, R. Ex. 3, Doc. 9-3, #159). The ALJ also found, on the basis of treatment and visit records, that "appropriate medications for the alleged mental impairments … have been relatively effective in improving the claimant's symptoms." (ALJ Decision, R. Ex. 2, Doc. 9-2, #79). Finally, the ALJ noted that Plaintiff's own testimony indicated her employment at Family Dollar ended because of physical rather than mental limitations. (*Id.* at #80).

Plaintiff's argument amounts to saying that the ALJ drew the wrong inference from Plaintiff's past employment at Family Dollar. According to Plaintiff, the ALJ should have perceived that this employment situation was unrepresentative because the manager was Plaintiff's friend. (*See* Obj., Doc. 17, #1086). But the mere fact that the ALJ could have reached a different conclusion from the evidence in the record does not mean that the ALJ's determination was not supported by substantial evidence. *See Ealy*, 594 F.3d at 512. Here, the Court cannot fault the ALJ for relying in part on Plaintiff's past capacity for employment to discount Ortega and Smith's conclusions about Plaintiff's inability to work because of mental health conditions.

The Court considers this case both legally and factually distinct from *Winn*. *See* 615 F. App'x 315. In *Winn*, the Sixth Circuit reviewed an ALJ's determination

7

that a claimant's mental health conditions did not rise to the level of "severe" impairments at all. *See id.* at 325. The Sixth Circuit emphasized that this threshold question is a "*de minimis* hurdle." *Id.* (citation omitted). Here, by contrast, the ALJ accepted that Plaintiff has severe mental health impairments including mood disorder and trauma- and stressor-related disorder, but he did not accept that these disorders limit Plaintiff's ability to work to the extent that she claims. (*See* ALJ Decision, R. Ex. 2, Doc. 9-2, #74, 77). Moreover, in *Winn*, the Sixth Circuit reversed an ALJ's decision not to give controlling weight to the opinion of the claimant's treating psychiatrist. *Id.* at 320–21. Here, as discussed above, the controlling-weight question does not even arise, as Plaintiff presented no opinion evidence from a treating medical source.

Perhaps most importantly, in *Winn*, the evidence the claimant had a severe impairment, which included not only the treating psychiatrist's opinion but the opinions of three "state psychologists," was "uncontradicted by any other evidence in the record." *Id.* at 326. Here, the evidence is mixed—statements from Ortega and Smith support a finding of more extreme limitations in Plaintiff's ability to work, but Banks and Matyi offered a different opinion, finding milder limitations. (*See* R&R, Doc. 16, #1078–80). Accordingly, the Court concludes that *Winn* does not support reversal of the ALJ's decision in this case.

In addition to her challenge to the weight given to the opinions of Ortega and Smith, Plaintiff also argues that the ALJ should have included all of the limitations opined by Banks and Matyi in his assessment of Plaintiff's capacity for work. (*See*

8

Obj., Doc. 17, #1089; Statement of Specific Errors, Doc. 10, #1040–41). The ALJ declined to adopt Banks and Matyi's finding that Plaintiff "would need occasional flexibility of scheduled tasks and breaks," as well as that "supervisory feedback should be presented in a clear and supportive manner." (ALJ Decision, R. Ex. 2, Doc. 9-2, #80). As before, the ALJ relied in part on Plaintiff's past employment at Family Dollar in rejecting these limitations. (*Id.*). The ALJ also determined that Plaintiff "appears to have more social issues with those close to her rather than in the workplace." (*Id.*).

Again, the Court concludes that the ALJ's decision to omit the limitations at issue here is supported by substantial evidence. The ALJ relied on Plaintiff's own testimony that Plaintiff quit her past work at Family Dollar for physical rather than mental health reasons. (*See id.*). From that, the ALJ reasonably could have concluded that there are work environments where Plaintiff's mental health limitations allow her to function without any special flexibility or feedback requirements. Relatedly, Plaintiff suggests that, because she is not currently working, she could not presently have any issues with co-workers, such that the inference the ALJ drew from the absence of such issues (i.e., that issues with co-workers would not prevent her from functioning in a work environment) is "completely circular." (Statement of Specific Errors, Doc. 10, #1041). But that is not the case. To be sure, the record discloses that Plaintiff had some issues interacting with others while employed at Family Dollar. But, again, Plaintiff's own testimony also states that she quit working there for physical rather than mental health reasons. (*See* Hr'g Tr., R. Ex. 2, Doc. 9-2, #103).

9

Thus the ALJ reasonably generalized that it was those physical limitations, rather than any alleged co-worker interaction issues arising from her mental health conditions, that prevented her from working in such jobs. (*See* ALJ Decision, R. Ex. 2, Doc. 9-2, #80). At most, then, Plaintiff's argument again shows that reasonable minds could draw different inferences from Plaintiff's employment at Family Dollar. But that is not enough to show lack of substantial evidence in support of the ALJ's conclusion. *See Ealy*, 594 F.3d at 512.

There is also another problem. Even if the ALJ had included in his residual functional capacity evaluation the limitations that Plaintiff now contends he should have included, Plaintiff fails to show that this would have resulted in a finding that Plaintiff is disabled. Indeed, the same sources who opined those that those limitations were present also ultimately concluded that Plaintiff was *not* disabled. (*See* Initial and Recons. Disability Determinations, R. Ex. 3, Doc. 9-3, #143, 162). Accordingly, even if the ALJ had erred in excluding these limitations, which the Court concludes he did not, Plaintiff has not established that any error would be other than harmless. *Cf. Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (applying harmless error analysis where ALJ did not misapply a legal principle but "simply erred in a factual finding").

## CONCLUSION

Based on the foregoing, the Court **OVERRULES** Plaintiff's Objection (Doc. 17), **ADOPTS** the Magistrate Judge's R&R (Doc. 16), **DISMISSES** Plaintiff's

Complaint (Doc. 3) **WITH PREJUDICE**, and **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

    **SO ORDERED.**

January 19, 2022
**DATE**

**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**